IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MISTRELL ALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-143-WKW-TFM |
| | ) | |
| | ) | [WO] |
| UNITED STATES DEPARTMENT OF JUSTICE, *et. al.*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-153-WKW-TFM |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et. al.*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-964-WKW-TFM |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this action pursuant to the Freedom of Information Act against the United States Department of Justice, Criminal Division "(DOJ)"; the Office of Enforcement Operations "(OEO)"; and the Electronic Surveillance Unit "(ESU)"; DOJ's Office of Information Policy "(OIP)"; and DOJ's Executive Office for the United States Attorneys "(EOUSA)". Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. (Doc. 2) Pending before the Court is *Defendant's Motion to Dismiss, or in the alternative,*

1

*Motion for Summary Judgment*. (Doc. 17, filed July 7, 2014). The Court has carefully reviewed the Motion and brief in support and Plaintiff's response in opposition. (Docs. 17, 18, and 22). For good cause, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion be GRANTED.

> I. **Introduction**

Plaintiff has filed suit, *pro se*, pursuant to 5 U.S.C. § 552[1] asking this Court, in essence, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552 (a)(4)(B). Plaintiff asserts that DOJ and its agencies withheld documents and information to which he was entitled and that OIP wrongly denied his appeal of these actions as untimely. *Complaint, Case No. 2:14-cv-143-WKW-TFM, ¶3 and ¶10.* Plaintiff also alleges that EOUSA never responded to a FOIA request allegedly filed on or about December 18, 2012. *Case No. 2:14-cv-153-WKW-TFM, Complaint, p.* 4.

Defendants assert that Plaintiff's claims against DOJ and its agencies, EOUSA, OEO, ESU and OIP are due to be dismissed for Plaintiff's failure to timely exhaust his administrative remedies when he failed to timely appeal the December 4, 2012 decision. Defendants also assert that EOUSA never received the second request allegedly filed on or about December 18, 2012 and that the claim based upon that alleged request is due to be dismissed because a legally sufficient search of its records following the initiation of this litigation failed to locate the alleged FOIA request or any documents responsive to it.

---

[1] Plaintiff filed two separate FOIA lawsuits in this Court on March 23, 2014. *See Case Nos. 2:14-cv-143-WKW-TFM* and *2:14-cv-153-MHT-CSC*. By Order entered July 2, 2014, the two cases were consolidated under *Case No. 2:14-cv-143-WKW-TFM*. *See Case No. 2:14-cv-143-WKW-TFM (Doc. 14) and 2:14-cv-153-MHT-CSC (Doc. 19)*. Thereafter, Plaintiff filed another FOIA action in this court on September 12, 2014. *See Case No. 2:14-cv-964-WKW-TFM*. By Order entered September 24, 2014, this case was consolidated with the previously filed cases, and *Case No. 2:14-cv-143* was designated as lead case. (Doc. 30).

**II.     Standard of Review**

This matter is before the court on Defendant's *Motion to Dismiss or in the Alternative Motion for Summary Judgment* and supporting evidentiary submissions (Doc. 17), Brief in Support (Doc.18), and Plaintiff's responsive brief (Doc. 22).  Because the court is considering evidence outside the pleadings this matter is appropriately before the court on a motion for summary judgment. A party in a lawsuit may move a court to enter summary judgment before trial.  FED. R. CIV. P. 56(a) and (b).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).

"[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."  *Id*. at 249.  Only disputes about the material facts will preclude the granting of summary judgment and "disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.; *accord Greenberg v. Bell-South Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007); *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask

3

whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'").

Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S. Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine dispute for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original).[2]

---

[2] All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). (Citations omitted).

4

The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and may not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S. Ct. at 1356 (citations omitted). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

In determining whether a genuine dispute for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S. Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S. Ct. at 2552.

**III.  The Facts**

On June 20, 2012, Plaintiff filed a written FOIA request with the DOJ seeking records concerning the interception of wire and oral communications in accordance with 18 U.S.C. § 2510, *et seq*. The request is identified as No. CRM-201200529P. *See* Doc. 17-2 at p. 2; (Def. Ex. 1; letter received July 5, 2012 from Plaintiff addressed to Rena Y. Kim, Chief FOIA, Privacy Act Unit.) On December 4, 2012, OEO issued its decision in response to request No. CRM-201200529P and withheld one page of information, but produced several pages of documents with redactions pursuant to the exemptions provided under 5 U.S.C. § 552(b). *See* Doc. 17-3 at pp. 2-19; (Def. Ex. 2; attachments to letter dated December 4, 2012, from DOJ Criminal Division, OEO to Plaintiff; Complaint, Case No. 2:14-cv-143-MEF-TFM, Exs. B, C, and D).[3] In this decision, Plaintiff was given notice of his right to file an administrative appeal and instructed that such an appeal must be received by OIP, "no later than sixty days (60) from the date of this letter." *See* Doc. 17-3 at pp. 2-4; (Def. Ex. 2; letter dated December 4, 2012, from DOJ Criminal Division, OEO to Plaintiff.) Plaintiff's administrative appeal to OIP was received on February 8, 2013, 64 days beyond the December 4, 2012, date of the OEO's decision. *See* Doc. 17-4 at p.2; (Def. Ex. 3; Alvin Appeal letter and Doc. 17-5 at p.2; Def, Ex. 4 at p.2 Letter from OIP to Plaintiff.) By letter dated August 6, 2013, OIP denied Plaintiff's appeal as untimely. *See* Doc. 17-5 at p.2; (Def. Ex. 4 at p.2.)

Subsequent to the filing of this action, the United States Attorney's office for the Middle District of Alabama, requested a response from officials at EOUSA regarding Plaintiff's allegation that he filed a FOIA request with EOUSA to which no response had been received. *See* (Doc. 17-1; *Declaration of Courtney Griffith, ¶* 5). Thereafter, an extensive search was

---

[3] All exhibits attached to a complaint "are part of the pleading 'for all purposes. Fed. R. Civ. P. 10(c)." *Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1205 (11th Cir. 2007)(citations omitted)("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12 (b)(6) motion.").

conducted by the responsible official at EOUSA. This person was unable to locate any FOIA request submitted by Plaintiff and also was unable to locate any documents responsive to Plaintiff's request. *See id., Griffith Declaration, ¶¶* 6, 7 and 8).

## IV. Discussion

### A. June 20, 2012 FOIA Request

"The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted). While not a jurisdictional requirement, exhaustion of administrative remedies is a condition precedent to filing a suit in federal court, "'perform[ing] a function similar to the judicial doctrine of ripeness by postponing judicial review.'" *Id.* at 1367-68. Regarding administrative appeals, DOJ's regulations state, "[i]f you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, . . . , in writing **and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request**." 28 C.F.R. § 16.9(a) (emphasis added). Furthermore, the regulations state, "[i]f you wish to seek review by a court of any adverse determination, you must first appeal it under this section." 28 C.F.R § 16.9 (c).

In the instant action, Plaintiff filed a FOIA request on June 20, 2012. *See* Doc. 17-2 at p.2. The OEO issued a decision on December 4, 2012. S*ee* Doc. 17-3 at pp. 2-4. In its decision OEO advised Plaintiff that any appeal must be received by the OIP not later than 60 days from December 4, 2012, the date of the decision. *See* Doc. 17-3 at p.3. Plaintiff claims the December 4, 2012 decision was misdirected and not received by Plaintiff until January 4, 2013. *See Complaint*, Case No. 2:14-cv-143-WKW-TFM, p. 4. The 60-day appeal time ran on February 4,

7

2013 and Plaintiff's appeal was not received by the OIP until February 8, 2013. *See* Doc. 17-5 at p.2.

Defendants argue that Plaintiff's appeal is time-barred for failure to exhaust his administrative remedies because it was received four days after expiration of the appeal deadline. Plaintiff, however, argues that due to the Defendant's misdirection via mail of the OEO opinion, the 60-day appeal time did not begin to run until his receipt of the letter on January 4, 2013. Defendants argue that regardless of any misdirection of the OEO decision, it is undisputed that Plaintiff had the opinion by January 4, 2013, 30 days before the appeal deadline ran, and that he had notice the appeal must be received by February 4, 2013.

Plaintiff points the court to no case law or statutory law in the FOIA context that suggests the 60-day appeal deadline maybe tolled for the reasons which Plaintiff claims. Specifically, the court has found no law indicating that the failure of the DOJ to appropriately direct an opinion and appeal rights letter via U.S. mail to a *pro se* and incarcerated plaintiff is a basis for tolling the 60-day time period, especially when as here, the letter and opinion is received by Plaintiff with 30 days before the appeal deadline. Nor has the court's own independent research indicated that in the FOIA context the appeal deadline is anything other than a bright line rule. *See Bonilla v. U.S. Dept. of Justice,* 535 Fed. App'x 891, 893-94 (11th Cir. 2013) (affirming a grant of summary judgment to the DOJ and holding that the requester failed to exhaust his administrative remedies under FOIA, where appeal was eight days late); *Lakin v. U.S. Dep't of Justice,* 917 F. Supp. 2d 142, 145-145 (D.D.C 2013) (dismissing prisoner's FOIA suit for failure to exhaust, where appeal was 10 days late).

Plaintiff further argues that since he placed his appeal letter in the U.S. Mail on January 18, 2013, prior to the February 4, 2013 deadline, his appeal is timely. In essence the Plaintiff

8

argues that the prison mailbox rule should be extended to FOIA context. This is not the law. Rather the court notes generally that while pleadings filed by *pro se* litigants are to be liberally construed, *pro se* litigants must conform to procedural rules including deadlines. *Albra v. Advan, Inc.* 490 F.3d 826, 829 (11th Cir. 2007); *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."), *overruled in part Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003). Indeed, it appears that the Eleventh Circuit continues to view the FOIA appeal deadline as a strict deadline, which if not followed, is a basis for awarding summary judgment in favor of the defendants and against the plaintiff. *See Bonilla,* 535 Fed. App'x at 893 (affirming a grant of summary judgment to the DOJ in the FOIA context where appeal letter was eight days late).

The court recognizes that the United States Supreme Court has created the "prison mailbox rule" which recognizes, for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's notice of appeal is "filed" on the date that the prisoner delivers the notice to prison authorities, rather than on the date when the court clerk receives the notice. *Houston v. Lack*, 487 U.S. 266, 270-73, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Furthermore, the Eleventh Circuit has extended this mail box rule from habeas corpus appeals to complaints filed by *pro se* prisoners under 42 U.S.C. § 1983 and under the Federal Tort Claims Act. *Garvey v. Vaughn,* 993 F.2d 776, 782-83 (11th Cir. 1993). However, the Eleventh Circuit has refused to extend the mailbox rule to administrative appeals under FOIA because the court found no published decisions of the Supreme Court or other circuit courts of appeals extending the prison mailbox rule to the administrative appeal context. *Bonilla.* 535 Fed. App'x. at 893; *see also*, *Lakin,* 917 F. Supp. 2d at 145 (D.D.C. 2013)(noting that the Fifth, Ninth and Third circuits have refused to apply the mailbox rule to administrative appeals, such as FOIA). Accordingly, the

court concludes that summary judgment is due to be granted in the Defendants' favor with respect to Plaintiff's appeal of the OEO's December 4, 2012 decision because Plaintiff failed to exhaust his administrative remedies under FOIA.

### B. December 18, 2012 FOIA Request

Next, the Court will address Plaintiff's claim concerning his second alleged FOIA request which he claims was filed on or about December 18, 2012, and which Plaintiff claims the EOUSA failed to adequately process.  In response, Defendants assert that EOUSA never received the second request allegedly filed on or about December 18, 2012 and that the claim based upon that alleged request is due to be dismissed because a legally sufficient search of its records following the initiation of this litigation failed to locate the alleged FOIA request or any documents responsive to it. *See* Doc. 17-1; *Declaration of Courtney Griffith,* ¶¶ 5, 6, 7, and 8.

The Eleventh Circuit has clearly articulated the summary judgment standard as applied to FOIA cases.

> "'Generally FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.'  Summary judgment is appropriate if the pleadings, depositions, admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A factual dispute between the parties will not defeat summary judgment unless it is both genuine and material.  A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party."

*Miccosukee Tribe of Indians of Florida v. United States,* 516 F.3d 1235, 1243 (11th Cir. 2008).

The agency initially bears the burden of showing "'beyond a material doubt . . . that it has **conducted a search reasonably calculated to uncover all relevant documents.**"  [emphasis added]. *Delvecchio v. Internal Revenue Service,* 360 Fed. Appx. 104, 107 (11th Cir. 2010) citing *Id.* at 1248 (quoting Ray v. U.S. Dep't Justice, 908 F. 2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds sub nom U.S. Dep't of State v. Ray,* 502 U.S. 164, 112 S. Ct. 541, 116 L.Ed.2d

526 (1991)).  The agency "need not show that its search was exhaustive."  *Id.* (citation omitted).  Rather, it may meet its burden "**by producing relatively detailed and nonconclusory affidavits submitted in good faith by responsible officials.** "  *Id*. [emphasis added].  "After the agency meets the burden of demonstrating that the search was reasonable, the burden then shifts to the requester to demonstrate that the search was not reasonable or was not conducted in good faith."  *Id.*

In support of the Defendants' Motion to Dismiss or for Summary Judgment, Defendants offer the Declaration of Courtney Griffith, who is a Paralegal Specialist with the EOUSA, which is a component of the DOJ, and she is a liaison to all 93 United States Attorney's Offices ("USAO"), which are also components of the DOJ. (Doc. 17-1; Griffith Affid.).  She explains that her duties include responding on the EOUSA's behalf to FOIA and Privacy Act ("PA") requests.  Specifically, she states that she is responsible for the following:

> 1) processing FOIA/PA requests for records located in the EOUSA office and in all of the USAO's offices;
> 2) reviewing correspondence related to FOIA/PA requests;
> 3) reviewing searches conducted by the USAOs in response to requests;
> 4) locating responsive records, and
> 5) preparing EOUSA responses to ensure that determinations to withhold or release such responsive records are in accordance with FOIA, PA< and DOJ regulations.

(Doc. 17-1 pp. 1-2; Griffith Affid.).  She further explains that she is

> familiar with the procedures followed by EOUSA in conducting searches for records responsive to FOIA/PA requests and the processing of FOIA/PA requests.  There are two Computer database systems used by our office to track all FOIA files, litigation, and appeals, as well as any mail and/or correspondence related to these files.  Information can be retrieved from both database systems by names, court case numbers, dates of requests, and subjects of requests.  The two systems we use are ORACLE and our newer system, ACCESSPRO.  When any correspondence comes in, it is date stamped, entered in a mail log book, and entered in both of our computer database systems by our intake staff.

(Doc. 17-1 p. 2; Griffith Affid.).

With respect to the December 18, 2012 FOIA request which was allegedly made by Plaintiff Mistrell Alvin, she explains that the USAO for the Middle District of Alabama requested her office to review the complaint filed in this court in *Alvin v. DOJ*, 2:14-cv-153-MHT-CSC in which Alvin claims he made a FOIA request on December 18, 2012. Alvin's FOIA request states, in pertinent part, as follows:

> (a) The Date and Time the United States Attorney's Office for the Southern District of Georgia (Savannah Division) received the fax from the Office of Enforcement Operations (OEO) Electronic Surveillance Unit (ESU), approving the U.S. Attorney's Office for the Southern District of Georgia (Savannah Division) to seek Judicial Authority for a Wiretap for the Target Telephone (912)536-8815. (b) A copy of the Original Memorandum of Authorization in which includes the fax date and time on the "Top" of the document. (c) The application and affidavit presented to the Department of Justice including any and all revisions made and resubmitted to the OEO, ESU. (d) The date and time that Verizon Wireless responded to the "DEA" request for the toll records to the target telephone number (912)536-8815. (e) Any and all applications and affidavits presented to the OEO, ESU seeking wiretaps for the previous target telephone (912)678-61511; (912)541-2893; (912)678-6043; pursuant to Julius Pinkston, et al, Case No. CR. 606-26. (f) The arrest Warrant and Affidavit in support of the arrest warrant for plaintiff Mistrel Alvin. (g) A certified copy of the grand jury transcript/proceeding and a certified oral transcribed c.d., in light of the fact the AUSA allowed the Foreman to sign the Indictment and then amended the indictment without going back in front of the Grand Jury.

(Doc. 17-1 pp. 2-3;Griffith Affid.).

Griffith explains that on June 5, 2014, using ORACLE and ACCESSPRO, she searched the system's name and subject fields using Mistrell Alvin, Julius Pinkston and Homer Holloway, in first and last name combinations. The systems contained no information on Mistrell Alvin or the other two men. Furthermore, she explains that she spoke with intake staff, the paralegal supervisor, who also conducted a search, and Senior Litigation Counsel, who oversees litigation cases, and none of them had any information indicating Alvin had filed a FOIA request. She stated "[f]rom this I conclude that he has never filed a FOIA request with EOUSA/FOIA." Finally, she stated that "[t]here is no other location or file in the FOIA Office where any other

records related to Mr. Alvin would be located . . . nor am I aware of any other method or means by which a further search could be conducted which would be likely to locate any other responsive records." (Doc. 17-1 p. 3; Griffith Affid.).

The Court has carefully reviewed the Affidavit of Courtney Griffith, an employee of EOUSA who is responsible for processing FOIA/PA requests. (Doc. 17-1 pp. 1-2; Griffith Affid.). The court finds that this affidavit meets the criteria for including sufficient detail in a nonconclusory manner and finds no reason to conclude that this affidavit has not been submitted in good faith. *Delvecchio,* 360 Fed. App'x. at 107. Based upon a review of Griffith's Affidavit, and other record evidence, the court concludes that the defendants have met their burden of demonstrating that they have "conducted a search reasonably calculated to uncover all relevant documents." *Id.* Accordingly, because the court has concluded that the defendants have met their burden of demonstrating that the search was reasonable, the burden now shifts to Alvin to demonstrate that the search was not reasonable or was not conducted in good faith. *Id.*

Alvin argues that defendants' search was not reasonable because the "LEGAL INFORMATION OFFICE NETWORK SYSTEM (LIONS) nor the COMPUTER TRACKING FROM THE USAO" and archive files were never searched. (Doc. 22 p.6; Plaintiff's responsive brief). Other than his own unsupported statement, Plaintiff offers no proof that these two database systems exist or are currently in use by the EOUSA. In contrast the unopposed affidavit of Courtney Griffith, the EOUSA employee charged with the duty of processing FOIA/PA requests, states that the two systems used by the EOUSA are ORACLE and ACCESSPRO and that both of these were searched. (Doc. 17-1 p. 2; Griffith Affid.). Plaintiff also complains that the declaration "never stated what type of search was conducted". (Doc. 22 p. 6; Plaintiff's responsive brief). However, the declaration clearly states that Griffith "searched

under the first name and last name and also searched the subject field and reversed the last name as the first name as last." ( Doc. 17-1 p. 3, Griffith Affid.).  Furthermore Griffith states that she "spoke with the intake staff, the paralegal supervisor, who also conducted a search, and Senior Litigation Counsel, who oversees litigation cases" and that none of these people had any information of Alvin's alleged FOIA request. *Id.* Alvin offers no proof to contradict these statements.  Thus, the court concludes that Alvin has failed to demonstrate that the search was not reasonable or was not conducted in good faith, and therefore has not met his burden to refute Defendants' motion for summary judgment. *Delvecchio,* 360 Fed. App'x. at 107.  Accordingly, the court concludes that *Defendants' Motion to Dismiss or in the alternative for Summary Judgment* (Doc. 17) is due to be granted.

## V.     Conclusion

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss or in the alternative for Summary Judgment (Doc. 17) be GRANTED and that all other pending Motions be DENIED as Moot.  It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **March 16, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in

the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 2nd day of March, 2015.

                                  /s/Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE