IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MISTRELL ALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-143-WKW |
| | ) | [WO] |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, *et al.*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-153-WKW |
| | ) | |
| EXECUTIVE OFFICE FOR | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| *et al.*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-964-WKW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Mistrell Alvin is currently incarcerated as an inmate with the Federal Bureau of Prisons. Proceeding *pro se*, he has filed suit[1] pursuant to the Freedom of Information Act ("FOIA") asking this court to enjoin various

---

[1] Mr. Alvin filed two separate FOIA lawsuits in this court on March 23, 2014. (No. 2:14-CV-143-WKW-TFM; No. 2:14-CV-153-MHT-CSC.) By a July 2, 2014 Order (Doc. # 14), the two cases were consolidated under Case No. 2:14-CV-143-WKW-TFM. Mr. Alvin then filed a third FOIA action on September 12, 2014. (No. 2:14-CV-964-WKW-TFM.) A September 24, 2014 Order (Doc. # 30) consolidated the new filing with the two previously filed cases and designated Case No. 2:14-CV-143-WKW-TFM as the lead case.

Defendants "from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). The United States Department of Justice, Criminal Division ("DOJ"), the Office of Enforcement Operations ("OEO"), the Electronic Surveillance Unit ("ESU"), the DOJ's Office of Information Policy ("OIP"), and the DOJ's Executive Office for the United States Attorneys ("EOUSA"), collectively "the Defendants," filed a motion to dismiss or, in the alternative, a motion for summary judgment. (Doc. # 17.)

Upon referral, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted and Mr. Alvin's claims dismissed. (Doc. # 33.) Mr. Alvin filed a timely Objection to the Recommendation. (Doc. # 34.) After careful consideration of the record, the applicable case law, the Recommendation, and Mr. Alvin's Objection, the court finds that the Objection is due to be overruled, the Recommendation is due to be adopted, and Defendants' alternative motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

The court reviews *de novo* "those portions of the . . . [R]ecommendation[ ] to which objection is made." 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

### A.     The Recommendation

Mr. Alvin's consolidated cases allege three wrongful acts on the part of Defendants.  First, Mr. Alvin contends that in responding to his first FOIA request, Defendants withheld documents and information to which he was entitled.  Second, Mr. Alvin asserts that the OIP wrongly denied his appeal as untimely.  Third, he alleges that the EOUSA never responded to his second FOIA request, which Mr. Alvin contends he filed on or about December 18, 2012.

As to the first two allegations, the Magistrate Judge found that Mr. Alvin filed his initial FOIA request on June 20, 2012.  On December 4, 2012, the OEO issued its response, producing several pages of documents with redactions pursuant to the exemptions provided by 5 U.S.C. § 552(b).  The response informed Mr. Alvin that he had the right to file an administrative appeal, but explained that the appeal must be received by OIP, "no later than sixty days (60) from the date" of the response.  (Doc. # 17-3 (Defs.' Ex. 2).)

Pursuant to the sixty-day deadline, Mr. Alvin had until February 4, 2013, to file a timely appeal.  Mr. Alvin's appeal, however, did not arrive until February 8, 2013 – sixty-four days beyond the OEO's December 4, 2012 decision.  The OIP denied Mr. Alvin's appeal in light of its untimeliness by letter dated August 6, 2013.

The Magistrate Judge determined that because Mr. Alvin's appeal was untimely, he had failed to properly exhaust his administrative remedies provided by statute and, accordingly, could not appeal to the court. 28 C.F.R. § 16.9(c) ("If you wish to seek review by a court of any adverse determination, you must first appeal it under this section."). The Magistrate Judge reached this determination despite Mr. Alvin's argument that the sixty-day deadline should have been equitably tolled in light of the OEO's failure to address properly the initial mailing of its decision by omitting Mr. Alvin's Bureau of Prisons' number. Specifically, because a review of case law revealed that the FOIA appeal deadline is to be treated as a bright-line rule and because Mr. Alvin eventually received the determination thirty days prior to the deadline, the Magistrate Judge found Mr. Alvin's equitable tolling argument meritless.

The Magistrate Judge also rejected Mr. Alvin's argument in favor of extending the prison mailbox rule to FOIA appeals. Mr. Alvin asserted that regardless of equitable tolling, his appeal should be considered timely because he placed his appeal in the mail on January 30, 2013, prior to the February 4, 2013 deadline. The Magistrate Judge, however, concluded that the "Eleventh Circuit has refused to extend the mailbox rule to administrative appeals under [the] FOIA because the court found no published decision of the Supreme Court or other

4

circuit courts of appeals extending the prison mailbox rule to the administrative appeal context." (Doc. # 33, at 9.)

Because the prison mailbox rule was deemed inapplicable and the sixty-day deadline was not equitably tolled, the Magistrate Judge recommended that summary judgment be granted in Defendants' favor as to Mr. Alvin's appeal of the OEO's December 4, 2012 decision.

As to Mr. Alvin's second FOIA request, the Magistrate Judge addressed Defendants' assertion that the EOUSA never received the second request. The Magistrate Judge explained that "[t]he agency initially bears the burden of showing 'beyond a material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" (Doc. # 33, at 10 (quoting *Delvecchio v. Internal Revenue Serv.*, 360 F. App'x 104, 107 (11th Cir. 2010) (internal quotation omitted).) To meet their burden, Defendants offered the declaration of Courtney Griffith, EOUSA Paralegal Specialist, who confirmed that she searched the two EOUSA databases using various first and last name combinations related to Mr. Alvin's alleged request. Ms. Griffith confirmed that the searches did not yield any results and that other members of the EOUSA team, including the paralegal supervisor and senior litigation counsel, had no information regarding Mr. Alvin's second alleged request.

5

In light of the information provided by Ms. Griffith and the record as a whole, the Magistrate Judge concluded that Defendants met their burden of demonstrating that they "conducted a search reasonably calculated to uncover relevant documents." (Doc. # 33, at 13 (quoting *Delvecchio*, 360 F. App'x at 107).) Accordingly, the burden then shifted to Mr. Alvin who argued that neither the "LEGAL INFORMATION OFFICE NETWORK SYSTEM (LIONS) nor the COMPUTER TRACKING FROM THE USAO" nor archived files were searched. (Doc. # 22, at 6.) Mr. Alvin asserted that this oversight and Ms. Griffith's failure to describe the type of search conducted amount to an unreasonably calculated search. The Magistrate Judge, however, concluded that Mr. Alvin's failure to offer any proof that the referenced databases "exist or are currently in use by the EOUSA," coupled with Ms. Griffith's clear statement regarding her use of name and subject field searches, weighed against Mr. Alvin. Ultimately, he found that Mr. Alvin had failed to meet his burden to refute Defendants' showing of reasonableness and recommended that the court grant summary judgment in favor of Defendants as to Mr. Alvin's second alleged FOIA request.

B.  **Mr. Alvin's Objection**

Mr. Alvin objects to the Recommendation of the Magistrate Judge on a number of grounds. First, he contends that the Magistrate Judge failed to find that the sixty-day deadline to appeal to the OIP was equitably tolled by the OEO's

failure to properly address its decision. Mr. Alvin argues that the cases relied on by the Magistrate Judge are distinguishable because in the present case, Defendants caused his appeal to be untimely and that the Eleventh Circuit has not ruled on a case with circumstances similar to his.

Second, Mr. Alvin contends that the Magistrate Judge erred when he determined that the mailbox rule did not apply to FOIA administrative appeals. He contends that the prisoner mailbox rule specifically applies to *pro se* prisoner filings and that "[t]here is no statutory indication that [the] FOIA intended to impose a greater burden of proof than would otherwise be required in a common law action." (Doc. # 34, at 3.) Accordingly, he contends that the Magistrate Judge was in error in deeming his appeal untimely.

Third, Mr. Alvin asserts that he provided evidence showing that he did in fact mail his second FOIA request and that this evidence was sufficient to contradict Ms. Griffith's declaration and to create a genuinely disputed material fact. Specifically, he argues that his signed letter attesting to his mailing of the second request permits an inference that the second FOIA request was properly submitted. He also challenges the Magistrate Judge's reliance on Ms. Griffith's declaration that neither the paralegal specialist nor the senior litigation counsel remembered his second request, as they receive "thousands of request[s] . . . yearly." (Doc. # 34, at 4.)

Lastly, Mr. Alvin objects to the Magistrate Judge's recommendation that all other pending motions be denied as moot. He contends that his other civil actions were timely and that the Eleventh Circuit "has clearly stated that each claim in a motion must be addressed." (Doc. # 34, at 5.)

**C.     Analysis**

   **1.     *Equitable Tolling***

Mr. Alvin's first objection, most simply put, is a request for this court to find the sixty-day appeal deadline to have been equitably tolled in light of the OEO's failure to properly address its decision. In his Recommendation, the Magistrate Judge did not conclude that equitable tolling was inapplicable to the FOIA. Rather, he determined that the facts presented in the light most favorable to Mr. Alvin did not provide a basis to find the sixty-day deadline equitably tolled. The court agrees.

In federal courts, "[e]quitable tolling is appropriate when a [plaintiff] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Extraordinary circumstances do not arise, for example, from a plaintiff's "pro se status" or "ignorance of the judicial process," or from "slow administrative proceedings." *Hunt v. Ga. Dep't of Cmty. Affairs*, 490 F. App'x 196, 198 (11th Cir. 2012) (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d

967, 969–70 (11th Cir. 1997)). Further, the plaintiff carries the burden of establishing that tolling is warranted. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). Because tolling is an "extraordinary" remedy, it must be used "sparingly." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

While Mr. Alvin has shown that the OEO erred in failing to include his Bureau of Prisons number on its initial mailing, a mere mistake on the part of a defendant is insufficient in and of itself to show that a plaintiff is entitled to equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1354 (11th Cir. 2007) (explaining that to successfully invoke equitable tolling, plaintiffs generally must show some affirmative misconduct on the part of the defendant, such as "where the defendant misleads the plaintiff"). Here, Defendants acknowledged the mistake, and the letter was re-mailed. The letter listed December 4, 2012, as the issuance date of the letter and specifically informed Mr. Alvin that the appeal deadline would be timed from the date of the letter. Moreover, Mr. Alvin has failed to plead any facts tending to show that, despite receiving the letter on January 4, 2013, he was unable to meet the February 4, 2013 deadline.

From his receipt of the OEO's determination, Mr. Alvin had thirty-one days in which to submit a timely appeal. He has not provided this court with a single fact that would show why he was unable to place his appeal letter in the mail prior

9

to January 30, 2013.[2]  Because it is Mr. Alvin's burden to show that his untimely filing was the result of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence," Mr. Alvin's objection is due to be overruled.  *See Sandvik*, 177 F.3d at 1271.

    **2.**    *The Mailbox Rule*

As to the application of the mailbox rule, Mr. Alvin contends that the Magistrate Judge erred when he determined that the mailbox rule was inapplicable to the mailing of his administrative appeal.  The Magistrate Judge was correct, however, in observing the guidance offered by the Eleventh Circuit in *Bonilla v. U.S. Department of Justice*, 535 F. App'x 891 (11th Cir. 2013).  In *Bonilla*, the Eleventh Circuit explained that the Supreme Court set forth the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988), and established that "for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's notice of appeal is 'filed' on the date that the prisoner delivers the notice to prison authorities."  *Id.* at 893.  The Eleventh Circuit then noted that it had specifically extended the scope of the prison mailbox rule "from habeas corpus appeals to complaints filed by *pro se* prisoners under 42 U.S.C. § 1983 and under the Federal Tort Claims Act."  *Id*.

---

[2] While the Recommendation of the Magistrate Judge listed the date of mailing as January 18, 2013, Mr. Alvin stated in his response to Defendants' motion that he placed his appeal letter in the U.S. mail on January 30, 2013.  (Doc. # 22, at 2.)

Importantly, however, the court explained that it "ha[s] not extended the prison mailbox rule to administrative appeals under FOIA, and research reveal[ed] no published decisions by the Supreme Court or any other circuit court of appeals discussing the applicability of the prison mailbox rule under similar circumstances." *Id*. And, while the Eleventh Circuit in *Bonilla* ultimately chose to refrain from deciding whether the prison mailbox rule extends to administrative FOIA appeals because its application was irrelevant to the appellant in *Bonilla*, this court's review of the development of the prison mailbox rule requires it to find the rule inapplicable in this context. Because the Eleventh Circuit, like several other circuits, has failed to extend the prison mailbox rule to FOIA administrative appeals, Mr. Alvin's objection in favor of the rule's extension is due to be overruled. *See id.*; *Lakin v. U.S. Dep't of Justice*, 917 F. Supp. 2d 142, 145 (D.D.C. 2013) (listing the Fifth and Ninth Circuits as having refused to apply the prison mailbox rule to untimely administrative appeals).

### 3. *Mr. Alvin's Second Request*

Mr. Alvin makes a singular objection to the Recommendation's findings regarding his second alleged FOIA request to the EOUSA. Specifically, he contends that the evidence he provided – an undated copy of his request and his assertion that he mailed the FOIA request to the EOUSA – is sufficient to rebut Defendants' evidence that they conducted a reasonable search. Mr. Alvin offers no

new proof in support of his contention that he mailed the second FOIA request or in support of his contention that the searches performed by Ms. Griffith, as reported in her declaration, were not reasonable or not made in good faith.

As the Eleventh Circuit has made clear, an agency's search must be reasonable, but it "need not show that its search was exhaustive." *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds*, *U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991). The declaration of Ms. Griffith set forth the search terms used, the type of searches performed, and specifically stated that she was unaware "of any other method or means by which a further search could be conducted which would be likely to locate any other records" responsive to Mr. Alvin. (Doc. # 17-1, at 3.) Mr. Alvin's uncorroborated assertion that he did in fact mail the request and a copy of an undated and unmarked request is insufficient to rebut Defendants' showing that they "conducted a search reasonably calculated to uncover all relevant documents." *Delvecchio*, 360 F. App'x at 107. Therefore, his objection is due to be overruled.

### 4. *Denial of Remaining Claims*

Mr. Alvin's final objection calls into question the appropriateness of the Magistrate Judge's recommendation that all other pending motions be denied as moot. Mr. Alvin contends that denying his other claims as moot would be a violation of his due process and other constitutional rights. The Magistrate Judge,

however, was not denying Mr. Alvin's other FOIA *complaints* as moot, but was instead recommending that any pending *motions* be denied as moot in light of the corresponding recommendation to grant Defendants' motion for summary judgment. Further, the court notes that Mr. Alvin's three FOIA complaints[3] were consolidated by court Orders on July 2, 2014, and September 24, 2014. Accordingly, Mr. Alvin's fourth objection is also due to be overruled.

### III.  CONCLUSION

Based on the foregoing analysis, it is ORDERED as follows:

1. Mr. Alvin's Objection (Doc. # 34) is OVERRULED.

2. The Recommendation (Doc. # 33) is ADOPTED.

3. Defendants' motion for summary judgment (Doc. # 17) is GRANTED.

4. Defendants' motion to dismiss (Doc. # 17) is DENIED as moot.

5. Mr. Alvin's Motion for Reconsideration (Doc. # 36) is DENIED as moot.

A separate final judgment will be entered.

DONE this 12th day of May, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In his most recent filing, Mr. Alvin reiterates that all three of his FOIA complaints "pertain to the SAME RELATED FACTS." (Doc. # 36, at 2.)